

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-26-2008

# Prokopets v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2801

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Prokopets v. Atty Gen USA" (2008). *2008 Decisions.* Paper 625.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/625

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-2801
_____

VALENTIN MIKAILOVICH PROKOPETS,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES
_____

On Review of a Decision of the
Board of Immigration Appeals
Immigration Judge: Honorable Walter A. Durling
(No. A44-817-459)
_____

Submitted Under Third Circuit LAR 34.1(a)
August 20, 2008

Before: AMBRO, FISHER and JORDAN, <u>Circuit</u> <u>Judges</u>

(Filed: August 26, 2008)

_____

OPINION
_____

PER CURIAM

Valentin Mikailovich Prokopets, a Ukranian native and citizen, petitions for

review of a final order of the Board of Immigration Appeals ("BIA") vacating the

Immigration Judge's grant of relief under the Convention Against Torture ("CAT").

Prokopets was admitted to the United States on a visa in September 1996. The Government subsequently charged him as removable for having been convicted of possession of a controlled substance and for two or more crimes involving moral turpitude. He conceded removability, but sought asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").

Initially, the IJ declined to grant any relief and ordered Prokopets removed. Prokopets appealed to the BIA, which directed the IJ to reissue his order to correct inadequacies in the earlier decision. The IJ took additional evidence, then issued a new ruling denying the asylum and withholding claims but granting relief under the CAT. The Government appealed to the BIA. The BIA sustained the appeal, holding that Prokopets was not entitled to withholding under the CAT because he had not shown that it was more likely than not that he would be singled out for harm in Ukraine.[1] Prokopets appealed the BIA's decision to this court.

We have jurisdiction pursuant to 8 U.S.C. § 1252(a). Because the basis for removal is Prokopets' conviction for an aggravated felony, our jurisdiction is limited to "constitutional claims or questions of law." Id. § 1252(a)(2)(C)-(D). We review the BIA's findings under the substantial evidence standard. Yu v. Att'y Gen., 513 F.3d 346

---

[1] Before the BIA, Prokopets did not challenge the IJ's finding on the asylum or withholding of removal claims and does not raise those issues on appeal.

(3d Cir. 2008).

To obtain relief under the CAT, an applicant must establish that it is more likely than not that he would be tortured if removed. Toure v. Att'y Gen., 443 F.3d 310, 317 (3d Cir. 2006). Prokopets left the Ukraine when he was approximately twelve years old and has not returned since. Prokopets' essential claim is that his status as a returning criminal to the Ukraine would mark him as an easy target for a corrupt national police force with a history of singling out and torturing known criminals to obtain false confessions. Prokopets also argues that he would be a target based on his wife's Judaism and his perceived wealth as an immigrant returning from the United States. He fears imprisonment, abuse, torture, and possible death.

The BIA's determination that Prokopets' fear of detention upon his return to the United States was too speculative to warrant relief under the CAT is supported by substantial evidence. "The burden of proof is on the applicant . . . to establish that it is more likely that not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 208.16(c)(2). While Prokopets provided voluminous evidence on the pervasiveness of police corruption and torture in the Ukraine, he did not show that it is likely that *he* would be subject to such torture. Prokopets provided only the affidavit and testimony of Nickolai Butkevich, a scholar who studies former Soviet republics, stating that it was possible that police in the Ukraine would mark him as "the perfect usual suspect to hang an unsolved case on." As the Government points out, however,

Butkevich was unable to state with any certainty whether it was likely that Prokopets would be detained and tortured. Further, no evidence was presented as to how the Ukranian government or local police would become aware that Prokopets was removed from the United States for criminal activity. Finally, none of the documents he submitted mention or allude to the detention and torture of Ukranian nationals removed from the United States. Thus, Prokopets' belief that he *could* be perceived as wealthy or *could* be tortured in order to confess to a crime he did not commit was, without further proof, plausibly rejected by the BIA. See Savchuck v. Mukasey, 518 F.3d 119, 124 (2d Cir. 2008).

For the above-stated reasons, we will deny the petition for review.