**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1137
_____

OCTAVIO LUIS RAMIREZ,
                                                    Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A029-589-447)
Immigration Judge:  Honorable Jeffrey L. Romig
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 3, 2011
Before:  AMBRO, HARDIMAN AND STAPLETON, Circuit Judges

(Opinion filed: February 10, 2011)
_____

OPINION
_____

PER CURIAM

Petitioner Octavio Ramirez petitions for review of the December 28, 2009

decision of the Board of Immigration Appeals ("BIA") to dismiss his appeal and affirm

the Immigration Judge's denial of his application for deferral of removal under the

Convention Against Torture. The Government has moved to dismiss the petition for lack of jurisdiction. For the reasons that follow, we will grant in part and deny in part the Government's motion to dismiss. To the extent that we have jurisdiction, we will deny Ramirez's petition for review.

I.

Ramirez, a native of Nicaragua, was admitted to the United States as a lawful permanent resident of the United States in 2000. In 2002, Ramirez pleaded guilty in the United States District Court for the Southern District of Florida of conspiracy to import five kilograms or more of cocaine in violation of 21 U.S.C. § 963.[1] Based on his conviction, the Department of Homeland Security commenced removal proceedings against Ramirez pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii) (conviction of an aggravated felony) and 8 U.S.C. § 1227(a)(2)(B) (conviction of a controlled substance violation).

Ramirez, proceeding pro se, conceded removability and filed an application for asylum, withholding of removal, and for deferral of removal under the Convention Against Torture ("CAT").[2] The Immigration Judge ("IJ") held that because Ramirez had been convicted of a felony relating to a drug trafficking crime, he was not eligible for asylum under INA § 208(b)(2)(B)(i). The IJ further held that because the conviction involved more than a five-year sentence, the conviction was a "particularly serious

---

[1] Ramirez was convicted and sentenced to 135 months of imprisonment and is currently in federal custody serving that sentence.

[2] Venue was changed from Florida to Pennsylvania in January 2008 and removal proceedings were completed in York, Pennsylvania.

2

crime" which rendered him ineligible for withholding of removal under INA § 241(b)(3)(B)(ii). The IJ denied relief with respect to Ramirez's remaining request for deferral of deportation under CAT because he concluded Ramirez had not met his burden of proof.

Ramirez's claim under the CAT is based primarily on his testimony and that of his former attorney that he provided information to a prosecutor for the government of Nicaragua concerning Arnoldo Aleman, the former president of Nicaragua. Aleman was convicted of money laundering and corruption and sentenced to a 20-year term of imprisonment beginning in December 2003. The sentence was commuted in 2005 due to Aleman's poor health. Ramirez believes that Aleman, or persons associated with him, will seek vengeance against Ramirez if he returns to Nicaragua. In denying his CAT claim, the IJ found that Ramirez established a subjectively genuine fear of returning to Nicaragua based on his having served as an informant against the former President, but had failed to show a "clear probability" of torture in the event of his return to Nicaragua.

Ramirez appealed the IJ's decision to the BIA. The BIA conducted a de novo review of the IJ's application of law to the facts, and affirmed the IJ's conclusion that Ramirez failed to establish that he would more likely than not face torture by, or with the acquiescence of, a member of the government of Nicaragua. Ramirez then filed the instant petition for review. The Government filed a motion to dismiss the petition for lack of jurisdiction.

II.

3

Although we generally lack jurisdiction to review final orders of removal against aliens who, like Ramirez, are removable for having committed an aggravated felony, see 8 U.S.C. § 1252(a)(2)(C), we nonetheless have jurisdiction to review "pure questions of law" and "issues of application of law to fact, where the facts are undisputed and not the subject of challenge." Kamara v. Att'y Gen., 420 F.3d 202, 211 (3d Cir. 2005) (quotation marks and citations omitted); see 8 U.S.C. § 1252(a)(2)(D). We review such questions of law de novo. Kamara, 420 F.3d at 211.

The Government argues that dismissal is warranted here because Ramirez does not raise any legal questions. We disagree. His petition alleges that the IJ erred as a matter of law in relying on In re J-F-F-, 23 I. & N. Dec. 912, 917-18 (AG 2006), to deny his claim under the CAT. He also argues that the IJ and the BIA misapplied the CAT standard to the undisputed facts of this case.[3]

### III.

An alien seeking relief under the CAT must demonstrate that it is "more likely than not" that he will be tortured in the event of return to a designated country. 8 C.F.R. § 1208.16(c)(2). The applicant must show that the torture will be inflicted "by or at the

---

[3] Ramirez claims that the IJ improperly failed to consider whether the Nicaraguan government would acquiesce to his torture, and that the United States government breached its agreement to protect him as a witness. Because Ramirez's CAT claim was denied on other grounds, these arguments were not reached by the agency and need not be addressed here. Furthermore, to the extent that these are claims "that an Immigration Judge or the BIA incorrectly weighed evidence, failed to consider evidence or improperly weighed equitable factors," they are not questions of law that we have jurisdiction to review under § 1252(a)(2)(D).

instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. §§ 1208.18(a)(1), (7); see also Silva-Rengifo v. Att'y Gen., 473 F.3d 58, 70 (3d Cir. 2007). In assessing whether the applicant has met this burden of proof, the agency must consider all evidence relevant to the possibility of future torture. 8 C.F.R. § 1208.16(c)(3).

Ramirez argues that the IJ erred as a matter of law by placing too much emphasis on the decision of In re J-F-F-, in which the Attorney General stated that a petitioner may not establish a claim for CAT relief merely by stringing together a series of suppositions to show that it is more likely than not that torture will result where the evidence does not establish that each step in the hypothetical chain of events is more likely than not to occur. 23 I. & N. Dec. 912, 917-18 (AG 2006). We disagree. See, e.g., Savchuck v. Mukasey, 518 F.3d 119, 123-24 (2d Cir. 2008). The IJ committed no legal error in analyzing Ramirez's CAT claim as a series of hypothetical events (e.g., that Aleman will seek vengeance against him based on his cooperation, and that the Nicaraguan government would acquiesce in this).[4] The IJ evaluated each of Ramirez's suppositions

---

Jarbough v. Att'y Gen., 483 F.3d 184, 189 (3d Cir. 2007).

[4] We note that Ramirez argued before the IJ that certain segments of Nicaraguan society already knew that he had offered information to be used against Aleman. In support of this contention, Ramirez offered evidence that a Nicaraguan journalist had earlier attempted to communicate with him to ask about the same. Thus, the allegation that his cooperation was already known to at least some Nicaraguans is not properly characterized as a hypothetical or contingent event. However, the IJ's approach concerning the remainder of Ramirez's claim – that Aleman or his supporters are likely to kill him because of this cooperation, and that the Nicaraguan government would acquiesce – was correct.

5

and concluded that he had not established that it is well known within Nicaragua that his cooperation led to Aleman's conviction, or that anyone in Nicaragua will seek to torture him when he returns because of his cooperation; thus, he had not demonstrated a "clear probability" of torture in Nicaragua.[5]

Further, the BIA applied the correct legal standard in its opinion dismissing Ramirez's appeal. The BIA properly reviewed the IJ's factual findings for clear error and conducted a de novo review of the IJ's application of law to the facts. The BIA determined that Ramirez failed to establish that he would "more likely than not" face torture by or with the acquiescence of a member of the Nicaraguan government. The BIA's conclusion was based on the IJ's factual findings that (1) Ramirez's cooperation with authorities occurred in 2004, after Aleman's conviction in Nicaragua in 2003; (2) there was insufficient evidence to establish that Ramirez's cooperation had been made public in Nicaragua; (3) there was no evidence that the Nicaraguan prosecutor used any of the evidence provided by Ramirez in the prosecution of former President Aleman; (4) there was no evidence that Ramirez had received threats from former President Aleman or his associates; and (5) there was no indication that Aleman or anyone else would have any interest in torturing him following his return. Having reviewed the record, we are confident that the BIA considered all of the evidence and properly applied the CAT standard.

---

[5] The "clear probability standard" is equivalent to the "more likely than not standard." See Gomez-Zuluaga v. Att'y Gen., 527 F.3d 330, 349 (3d Cir. 2008).

## IV.

We agree with the Government that we lack jurisdiction over the remainder of Ramirez's petition. 8 U.S.C. § 1252(a)(2)(C). Accordingly, we deny the petition to the extent it argues that the IJ or the BIA misapplied the relevant legal standard to Ramirez's CAT claim, and dismiss the remainder of the petition.