Kulothungam v. Lynch

BIA
Connelly, IJ
A200 944 353

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of January, two thousand sixteen.

PRESENT:
>   ROBERT A. KATZMANN,
>       *Chief Judge,*
>   REENA RAGGI,
>   DENNY CHIN,
>       *Circuit Judges.*

_____

PASKARATHUNGAN KULOTHUNGAM,
>       *Petitioner,*

>   v.                                          14-1236
>                                               NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
>       *Respondent.*

_____

FOR PETITIONER:            Visuvanathan Rudrakumaran, Esq.,
                           New York, New York.

FOR RESPONDENT:            Mona Maria Yousif, United States
                           Attorney, Office of Immigration

1

Litigation, United States Department of Justice, Washington, D.C.; Brianne Whelan Cohen, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Paskarathungan Kulothungam, a native and citizen of Sri Lanka, seeks review of an April 3, 2014 decision of the BIA affirming a December 20, 2013 decision of an Immigration Judge ("IJ") denying his application for withholding of removal and relief under the Convention Against Torture ("CAT"). *See In re Kulathungam*, No. A200 944 353 (B.I.A. Apr. 3, 2014), *aff'g* No. A200 944 353 (Immig. Ct. Batavia, N.Y. Dec. 20, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case, which we reference only as necessary to explain our decision to deny the petition.

Because the BIA affirmed the IJ's decision, we review the two decisions in tandem. Applying the "substantial evidence" standard, "we uphold the IJ's factual findings if they are supported by reasonable, substantial and probative evidence in

the record." *Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009) (internal quotation marks omitted). "By contrast, we review *de novo* questions of law and the BIA's application of law to undisputed fact." *Id.* (internal alterations and quotation marks omitted); *see also* 8 U.S.C. § 1252(b)(4).

Withholding of removal under 8 U.S.C. § 1231 requires the applicant to show that it is more likely than not that he will be persecuted "because of [his] race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3); *see also Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). If an applicant establishes that he suffered past persecution on account of a protected ground, it is presumed that he is likely to be persecuted in the future "on the basis of the original claim." 8 C.F.R. § 1208.16(b)(1)(i).

Here, the agency reasonably ruled that Kulothungam was not entitled to a presumption of a likelihood of future persecution based on past threats and assaults by members of the Sri Lankan military and Tamil Liberation Party of Tamira ("PLOTE"), because he did not establish that the past harm was on account of a protected ground. Kulothungam's testimony revealed that he was harmed for following his employer's orders to disconnect

3

unauthorized electricity lines, and did not provide any direct or circumstantial evidence that he was targeted on account of his ethnicity or an imputed political opinion that was "so compelling" that it would warrant reversal of the BIA's decision. *INS v. Elias-Zacarias*, 502 U.S. 478, 481–84 & n.1 (1992).

Absent the presumption derived from past persecution, an applicant for withholding of removal must establish that it is more likely than not that he will face future persecution on account of a protected ground. To carry this burden an applicant need not "provide evidence that he . . . would be singled out individually for . . . persecution" if he establishes that "there is a pattern or practice of persecution of a group of persons similarly situated" to him on account of a protected ground, and that his "inclusion in and identification with such group" means "it is more likely than not" he would be persecuted upon return. 8 C.F.R. §§ 1208.16(b)(2). Here, the agency reasonably determined that Kulothungam failed to make this showing.

The country condition evidence indicates that the Sri Lankan armed forces sometimes arbitrarily arrest and harm persons suspected of being LTTE sympathizers, and that ethnic

4

Tamils face generalized discrimination and harassment. However, Kulothungam did not show that he is or would likely be perceived to be an LTTE sympathizer, or that he would likely face harm rising to the level of persecution on account of his Tamil ethnicity alone. Indeed, Kulothungam admitted that he lived unharmed in Sri Lanka for many years except for the two instances when he disconnected illegally obtained electricity.

Moreover, as the agency reasonably found, Kulothungam's assertion that he would likely face harm based on the proposed social group of individuals who have sought asylum in the United States is not supported by the evidence presented. That some unsuccessful Tamil asylum seekers are detained and that one individual was tortured upon return to Sri Lanka do not compel the conclusion that returned asylum seekers, in general, face likely persecution or torture. *See Lin v. United States Dep't of Justice*, 432 F.3d 156, 159-60 (2d Cir. 2005).

The agency further reasonably determined that Kulothungam did not establish a likelihood of torture on any other ground by or with the acquiescence of the Sri Lankan government. *See* 8 C.F.R. § 1208.16(c)(2). He provided no direct or circumstantial evidence, and his country condition evidence did not establish, that members of the PLOTE or the military would

5

look for him based on his disconnection of their unauthorized electricity lines years ago or that they would inflict harm rising to the level of torture if they found him. *See Savchuck v. Mukasey*, 518 F.3d 119, 123-24 (2d Cir. 2008) (stating that alien cannot show that he faces likely torture if occurrence of one link in chain cannot be shown to be more likely than not: "It is the likelihood of all necessary events coming together that must more likely than not lead to torture, and a chain of events cannot be more likely than its least likely link." (quoting *In re J-F-F-*, 23 I. & N. Dec. 912, 918 n.4 (A.G. 2006))).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Fed. R. App. P. 34(a)(2) and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6