Arias-Avila v. Garland

BIA
Lurye, IJ
A208 752 791

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of May, two thousand twenty-one.

PRESENT:
        REENA RAGGI,
        RAYMOND J. LOHIER, JR.,
        STEVEN J. MENASHI,
            *Circuit Judges.*

_____

WENDY CAROLINA ARIAS-AVILA,
        *Petitioner,*

        v.                                    18-3592
                                              NAC
MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:        Daniel R. Spensieri, Law Offices
                       of Daniel Spensieri PC, White
                       Plains, NY

FOR RESPONDENT:        Brian M. Boynton, Acting Assistant
                       Attorney General; John S. Hogan,

Assistant Director; Mona Maria Yousif, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Wendy Carolina Arias-Avila, a native and citizen of Honduras, seeks review of a November 5, 2018 decision of the BIA affirming a November 14, 2017 decision of an Immigration Judge ("IJ") denying her application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). *In re Wendy Carolina Arias-Avila,* No. A 208 752 791 (B.I.A. Nov. 5, 2018), *aff'g* No. A 208 752 791 (Immig. Ct. N.Y.C. Nov. 14, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

We review both the BIA's and IJ's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009) (reviewing factual findings for

2

substantial evidence and questions of law and application of law to facts de novo); *Edimo-Doualla v. Gonzales*, 464 F.3d 276, 282–83 (2d Cir. 2006) (applying substantial evidence standard to nexus determination); *Nasrallah v. Barr*, 140 S. Ct. 1683, 1692 (2020) (applying substantial evidence standard to review of CAT claim). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

Arias-Avila first challenges the agency's denial of her application for asylum and withholding of removal. To obtain asylum or withholding of removal, an applicant must establish past persecution or a fear of future persecution on account of a protected ground. *See* 8 U.S.C. §§ 1158(b)(1)(B)(i), 1231(b)(3)(A); 8 C.F.R. §§ 1208.13(b), 1208.16(b)(1), (2). A protected ground must be "at least one central reason" for the claimed persecution, and the applicant must provide direct or circumstantial evidence of the persecutor's motives. 8 U.S.C. § 1158(b)(1)(B)(i) (asylum); *see also id.* § 1231(b)(3)(A) (withholding); *Matter of C-T-L-*, 25 I. & N. Dec. 341, 346–48 (B.I.A. 2010) (holding that the "one central reason" standard also applies to withholding of removal); *INS*

3

*v. Elias-Zacarias*, 502 U.S. 478, 483 (1992) (requiring "*some* evidence" of motive, "direct or circumstantial"). Arias-Avila alleged that gang members targeted her on account of her membership in a particular social group, consisting of her deceased partner and his family members. She testified that her partner was killed after refusing gang extortion demands and that she subsequently received similar threats. When a social group is based on family ties and "animus against the family per se is not implicated, the question becomes what motive or motives cause the persecutor to seek to harm members of an individual's family." *Matter of L-E-A-*, 27 I. & N. Dec. 40, 45 (B.I.A. 2017), *overruled in part on other grounds by Matter of L-E-A-*, 27 I. & N. Dec. 581, 596–97 (A.G. 2019). A "nexus [between the alleged harm and a protected ground] is not established simply because a particular social group of family members exists and the family members experience harm." *Id.* "The protected trait, in this case membership in the . . . family, cannot play a minor role—that is, it cannot be incidental [or] tangential . . . to another reason for harm." *Id.* at 44 (internal quotation marks omitted). Rather, there must be some indication "that the persecutors had . . . animus against

4

the family or the [applicant] based on their biological ties, historical status, or other features unique to that family unit." *Id.* at 47.

Here, substantial evidence supports the agency's finding that Arias-Avila did not demonstrate that the threats she received were on account of her family ties. The individuals threatening her demanded money, her partner was known to lend money, the demands for money resumed after her home was robbed, and no other members of her partner's family received threats. Indeed, Arias-Avila testified that she did not know why her partner was threatened or murdered in 2013, and she did not articulate any reason that she or her partner were targeted other than that they had good jobs.

On this record, the agency did not err in determining that Arias-Avila was targeted for extortion and threatened based on her perceived ability to pay rather than her family ties. *See id.* at 45–47; *Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 74 (2d Cir. 2007) ("[H]arm motivated purely by wealth is not persecution."). Accordingly, because Arias-Avila failed to demonstrate a nexus between the harm she suffered and fears and a protected ground, the agency did not err in denying asylum and withholding of removal. *See* 8 U.S.C.

5

§§ 1158(b)(1)(B)(i), 1231(b)(3)(A).

Arias-Avila also challenges the agency's denial of her application for CAT relief. Unlike asylum and withholding of removal, CAT relief does not require a nexus to any protected ground. *See* 8 C.F.R. § 1208.16(c)(2). However, an applicant is required to show that she would "more likely than not" be tortured by or with the acquiescence of government officials. *Id.* §§ 1208.16(c)(2), 1208.18(a)(1). Substantial evidence supports the agency's conclusion that Arias-Avila did not show that she would "more likely than not" be tortured.

Arias-Avila was threatened over the phone and with notes intermittently between 2013 and 2015. But she was not physically harmed or confronted in person, and she had no evidence that anyone was pursuing her or was threatening similarly situated family members. Absent evidence that gang members will continue to seek her out to demand money or to torture her if she does not comply, she cannot show that torture is more likely than not. *See Savchuck v. Mukasey*, 518 F.3d 119, 123 (2d Cir. 2008) ("An alien will never be able to show that he faces a more likely than not chance of torture if one link in the chain cannot be shown to be more

6

likely than not to occur. It is the likelihood of all necessary events coming together that must more likely than not lead to torture, and a chain of events cannot be more likely than its least likely link." (quoting *In re J-F-F-*, 23 I. & N. Dec. 912, 918 n.4 (A.G. 2006)); *Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 160 (2d Cir. 2005) (rejecting CAT claim where petitioner relied on country reports of some torture in prisons but did not provide "particularized evidence"); *Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) ("In the absence of solid support in the record . . . , [applicant's] fear is speculative at best.").

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

7