19-297
Chery v. Garland

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of August, two thousand twenty-one.

PRESENT:
>REENA RAGGI,
>GERARD E. LYNCH,
>MICHAEL H. PARK,
>>*Circuit Judges.*

_____

LYXON CHERY,
>*Petitioner*,

v.                                                                             19-297

MERRICK B. GARLAND, UNITED STATES
ATTORNEY GENERAL,
>*Respondent*.

_____

| | |
|---|---|
| **FOR PETITIONER:** | ROHMAH A. JAVED (Nicholas J. Phillips, *on the brief*), Prisoners' Legal Services of New York, Albany, NY. |
| **FOR RESPONDENT:** | JENNY C. LEE (Joseph H. Hunt, Anthony P. Nicastro, *on the brief*), Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, DC. |

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND

**DECREED** that the petition for review of a Board of Immigration Appeals ("BIA") decision is **DENIED**.

Petitioner Lyxon Chery, a native and citizen of Haiti, seeks review of a January 25, 2019 decision of the BIA affirming an August 28, 2018 decision of an immigration judge ("IJ") denying Chery's application for deferral of removal under the Convention Against Torture ("CAT"). *In re Lyxon Chery*, No. A200-474-160 (B.I.A. Jan. 25, 2019), *aff'g* No. A200-474-160 (Immigr. Ct. Batavia Aug. 28, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as supplemented and modified by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). "[W]e apply the substantial evidence standard to questions of fact raised in . . . [the] CAT challenge[], and *de novo* review to all questions of law, including the application of law to facts." *Quintanilla-Mejia v. Garland*, 3 F.4th 569, 583 (2d Cir. 2021); *see Nasrallah v. Barr*, 140 S. Ct. 1683, 1692 (2020). Under the substantial evidence standard, "we must uphold agency factfinding 'unless any reasonable adjudicator would be compelled to conclude to the contrary.'" *Quintanilla-Mejia*, 3 F.4th at 583 (emphasis omitted) (quoting 8 U.S.C. § 1252(b)(4)(B)). Where, as here, "a petitioner bears the burden of proof, his failure to adduce evidence can itself constitute the 'substantial evidence' necessary to support the agency's challenged decision." *Shao v. Mukasey*, 546 F.3d 138, 157–58 (2d Cir. 2008).

An alien seeking CAT relief bears the burden of "establish[ing] that it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 208.16(c)(2). "Torture" is "an extreme form of cruel and inhuman treatment" that is not "incidental to lawful sanctions" and is "specifically intended to inflict severe physical or mental pain or suffering." *Id.* § 1208.18(a)(2), (3), (5).

2

On appeal, Chery argues that the IJ mischaracterized the nature of his claim as resting simply on the lack of medical treatment in Haiti and failed to sufficiently address his proposed chain of events—that if he is removed, he will more likely than not be unable to find work and pay for shelter because of widespread discrimination and stigmatization of persons with mental-health disorders; that his mental health will go untreated; that the lack of treatment for his mental health and lack of support in Haiti will lead him to become homeless and unemployed; that being homeless and unemployed will bring the attention of the Haitian police and he will ultimately be incarcerated; and that once incarcerated, he will be targeted for severe abuse rising to the level of torture because of his mental health.

To demonstrate that a chain of events is more likely than not to lead to his torture, Chery must supply concrete evidence that each step in the hypothetical chain of events is itself more likely than not to occur. *See In re J-F-F-*, 23 I. & N. Dec. 912, 917–18 (A.G. 2006) (rejecting CAT claim where "[t]he evidence d[id] not establish that any step in this hypothetical chain of events is more likely than not to happen, let alone that the entire chain will come together to result in the probability of torture"). "An alien will never be able to show that he faces a more likely than not chance of torture if one link in the chain cannot be shown to be more likely than not to occur. It is the likelihood of all necessary events coming together that must more likely than not lead to torture, and a chain of events cannot be more likely than its least likely link." *Savchuck v. Mukasey*, 518 F.3d 119, 123 (2d Cir. 2008) (quoting *In re J-F-F-,* 23 I. & N. Dec. at 918 n.4).

We discern no error in the agency's conclusion that Chery failed to establish that he is more likely than not to be tortured in Haiti by or with the acquiescence of the Haitian government. First, the IJ did not commit legal error. To the extent Chery argues that the agency mischaracterized—

and thereby failed to address—his "chain of circumstances" argument, he is incorrect. Both the IJ and the BIA expressly considered that argument and concluded that Chery failed to show that one or more of the links in the chain was more likely than not to occur. Second, the IJ determined, and the BIA agreed, that Chery had failed to establish the likely occurrence of at least one of the links in his theorized chain. Specifically, Chery did not meet his burden of demonstrating that his criminal deportee status or his mental health issues make it more likely than not that prison officials will have a specific intent to cause him severe pain or suffering. We cannot say that the record would "compel[]" any reasonable adjudicator "to conclude to the contrary." *Quintanilla-Mejia*, 3 F.4th at 583 (emphasis omitted) (quoting 8 U.S.C. § 1252(b)(4)(B)). Chery's failure to establish the likely occurrence of each link in a speculative chain of events is fatal to his claim that he is more likely than not to face torture if removed to Haiti.

We have considered the remainder of Chery's arguments and find them to be without merit. For the foregoing reasons, the petition for review is DENIED.

<div style="margin-left: 50%">

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

</div>

<div style="text-align: center">4</div>