Bejarano-Martinez v. Garland

BIA
Vomacka, IJ
A206 630 062

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of April, two thousand twenty-two.

PRESENT:
>       ROSEMARY S. POOLER,
>       ROBERT D. SACK,
>       RICHARD C. WESLEY,
>             *Circuit Judges.*

_____

GLADYS EMILIA BEJARANO-MARTINEZ,
          *Petitioner,*

          v.                                        19-3551
                                                    NAC
MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
          *Respondent.*

_____

FOR PETITIONER:                Bruno Joseph Bembi, Esq.,
                               Hempstead, NY.

FOR RESPONDENT:                Ethan Davis, Acting Assistant
                               Attorney General;  Ernesto H.
                               Molina, Jr., Deputy Director;

Nancy N. Safavi, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Gladys Emilia Bejarano-Martinez, a native and citizen of Honduras, seeks review of an October 1, 2019, decision of the BIA affirming a February 26, 2018, decision of an Immigration Judge ("IJ"), denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Gladys Emilia Bejarano-Martinez,* No. A 206 630 062 (B.I.A. Oct. 1, 2019), *aff'g* No. A 206 630 062 (Immig. Ct. N.Y. City Feb. 26, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Paloka v. Holder*, 762 F.3d 191, 195 (2d Cir. 2014) (reviewing factual findings for substantial

2

evidence and questions of law, including whether a proposed group is cognizable, de novo). We find no error in the agency's denial of asylum, withholding of removal, and CAT relief.

To qualify for asylum and withholding of removal, an applicant must establish either past persecution or a fear of future persecution and that "race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i); *see also id.* § 1231(b)(3)(A), (C); *Matter of C-T-L-,* 25 I. & N. Dec. 341, 348 (B.I.A. 2010) (concluding that one central reason standard also applies to withholding of removal).

The agency reasonably concluded that Bejarano-Martinez did not experience conduct rising to the level of past persecution because she alleged only that she was followed on one occasion and received a single threatening telephone call from a gang member who was interested in her daughter. *See Gui Ci Pan v. U.S. Att'y Gen.*, 449 F.3d 408, 412 (2d Cir. 2006) (explaining that showing of past persecution requires more than "'unfulfilled' threats"); *Ivanishvili v. U.S. Dep't*

3

*of Justice*, 433 F.3d 332, 341 (2d Cir. 2006)("persecution does not encompass mere harassment"). Accordingly, Bejarano-Martinez had the burden to establish a well-founded fear of future persecution based on a protected ground, in this case her proposed particular social group of "family members of young Honduran women who refuse to be a victim of violent sexual predation." *See* 8 U.S.C. § 1158(b)(1)(B)(i); *see also* 8 C.F.R. § 1208.13(b). A particular social group must be "(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question." *Paloka*, 762 F.3d at 196.

The agency did not err in concluding that the proposed group was not cognizable. Bejarano-Martinez did not show that her proposed group was socially distinct within Honduran society. In determining "social distinction what matters is whether society as a whole views a group as socially distinct, not the persecutor's perception." *Id.* "Persecutory conduct . . . cannot alone define the group, which must exist independently of the persecution." *Id.* Bejarano-Martinez relied on news articles about gangs forcibly recruiting

4

adolescent girlfriends in Central America, specifically in El Salvador and Guatemala, but not Honduras. In addition to not specifically addressing recruitment in Honduras, this evidence did not address whether Honduran society considers family members of these girls as a distinct group or that the proposed group exists independently of the alleged harm. *See id.* Moreover, where, as here, the feared harm "is attributable to the incentives presented to ordinary criminals rather than to persecution, the scales are tipped away from" finding a cognizable social group. *Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 73 (2d Cir. 2007); *see also Melgar de Torres v. Reno*, 191 F.3d 307, 313-14 (2d Cir. 1999) ("act[s] of random violence" and general crime conditions" are not bases for asylum).

The agency also did not err in denying Bejarano-Martinez's CAT claim. She had the burden to prove that she would "more likely than not" be tortured by gang members. 8 C.F.R. § 1208.16(c)(2). Relevant considerations are evidence of past torture and the ability to relocate. *Id.* § 1208.16 (c)(3). Bejarano-Martinez was not tortured in the past and briefly relocated without incident to another town in

5

Honduras.  Given this evidence, she did not show torture was more likely than not.  *See Savchuck v. Mukasey*, 518 F.3d 119, 123 (2d Cir. 2008) (CAT applicant "will never be able to show . . . a more likely than not chance of torture if one link in the chain cannot be shown to be more likely than not to occur. It is the likelihood of all necessary events coming together that must more likely than not lead to torture, and a chain of events cannot be more likely than its least likely link." (internal quotation marks omitted)).

For the foregoing reasons, the petition for review is DENIED.  All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court