06-3383-ag
Savchuk v. Mukasey

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

**August Term, 2007**

(Argued: November 26, 2007                    Decided: March 4, 2008)

Docket No. 06-3383-ag

_____

VASILY SAVCHUK,

*Petitioner,*

v.

MICHAEL B. MUKASEY, ATTORNEY GENERAL
OF THE UNITED STATES OF AMERICA,[1]

*Respondent*


_____


Before:        MCLAUGHLIN, B.D. PARKER, WESLEY, *Circuit Judges*

For *Petitioner*:        Kai W. De Graaf, New York, NY.

For *Respondent*:        Emily Howard, Assistant United States Attorney *for* Reginald I. Lloyd,
United States Attorney for the District of South Carolina

---

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

PER CURIAM:

Vasily Savchuck petitions for review of a July 14, 2006 decision of the Board of Immigration Appeals ("BIA") affirming the March 10, 2000 decision of Immigration Judge Alan Vomacka ("IJ") upholding Savchuck's removability under 8 U.S.C. § 1227(a)(2)(A)(ii) and denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Vasily Savchuck*, No. A47 610 514 (B.I.A. July 14, 2006).

**BACKGROUND**

Savchuck, born in Ukraine on February 11, 1987, gained admission to the United States in July 2000 as a Lawful Permanent Resident. In March 2005, Savchuck pled guilty to grand larceny in the Fourth Degree in violation of Section 155.30 of the New York Penal Law, a Class E felony arising as a consequence of a car theft. Two months later, Savchuck pled guilty to petit larceny under Section 155.25, a Class B misdemeanor arising from the theft of a video game from a store. Savchuck committed the grand larceny offense before his eighteenth birthday, but pled guilty to both offenses after he turned eighteen. New York treated him as an adult offender.

Based on these convictions, the Immigration and Naturalization Service ("INS") charged Savchuck under 8 U.S.C. § 1227(a)(2)(A)(ii), which provides for the removability of an alien convicted of two crimes of moral turpitude not arising out of a single scheme of criminal misconduct. Savchuck moved to terminate the proceedings on the ground that his grand larceny conviction did not constitute a "conviction" for immigration purposes because he committed the crime before he turned eighteen. He also filed an application for asylum, withholding of removal and relief under CAT as a member of a particular social group, based on his assertion that his "Ukrainian nationality will not be recognized . . . . [and] the Ukrainian government will attempt to ostracize me."

The IJ found Savchuck subject to removal and denied him relief. (**JA 75**) The IJ concluded that Savchuck had two convictions for crimes of moral turpitude, which supplied the grounds for removal, and that Savchuck did not qualify for asylum or withholding of removal because he did not, simply by virtue of having been absent from his native Ukraine for many years, belong to a particular, identifiable, social group. He also found that Savchuck did not have a well-founded fear of persecution in Ukraine or a probability of persecution or torture that would qualify for relief under CAT.

Savchuck appealed to the BIA. The BIA affirmed the IJ's conclusion that Savchuck's conviction for grand larceny constituted a "conviction" for immigration purposes and that this conviction, coupled with the second, rendered him removable under 8 U.S.C. § 1227(a)(2)(A)(ii). The BIA also found that the documents proffered to support the convictions — namely a copy of the record of conviction and a Certification of Records stating that it was a "true and accurate copy of the Sentence and Commitment court order on file in the . . . New York City Department of Corrections" — were sufficient. The BIA further concluded that the category of "young, certain to be homeless, deportees subject to arrest and prolonged detention" did not constitute a particular social group and that Savchuck did not qualify for asylum, withholding, or protection

2

under CAT because his assertions of possible harm if required to return to the Ukraine were too speculative.

## DISCUSSION

8 U.S.C. § 1101(a)(48)(A) defines "conviction" as "a formal judgment of guilt of the alien entered by a court . . . where — (i) a judge or jury has found the alien guilty or the alien has entered a plea of guilty." The BIA and the IJ both concluded that Savchuck's adjudications satisfied this criteria and rejected his argument that his grand larceny conviction should be disregarded because he committed the offense before he turned eighteen. Savchuk appeals and we review this question of law *de novo*. *See Phong Thanh Nguyen v. Chertoff*, 501 F.3d 107, 111 (2d Cir. 2007).

Savchuk raises several contentions. He correctly notes that the BIA has held that findings of juvenile delinquency are not convictions for immigration purposes. *See In re Devison-Charles*, 22 I. & N. Dec. 1362 (B.I.A. 2000). Next, Savchuck contends that, had the grand larceny charge been adjudicated under federal law, because of his age, he would have been charged under the Federal Juvenile Delinquency Act, 18 U.S.C. § 5031 *et seq*. ("FJDA") because the FJDA only permits the adult prosecution of a juvenile when the offense charged is a crime of violence or a drug crime and there is a substantial federal interest in the case. Savchuck asserts that, had he been prosecuted by federal authorities, the resulting finding of delinquency would not have counted for immigration purposes. This possibility, he contends, means that in this federal proceeding we should look to the FJDA, and not state law, when deciding whether the larceny conviction counts for immigration purposes.

While Savchuck's approach is inventive, it finds no support in the text of 8 U.S.C. § 1101(a)(48)(A) which defines "conviction" as:

> a formal judgment of guilt of the alien entered by a court or, if adjudication of guilt has been withheld, where —
>> (i) a judge or jury has found the alien guilty or the alien has entered a plea of guilty or nolo contendere or has admitted sufficient facts to warrant a finding of guilt, and
>> (ii) the judge has ordered some form of punishment, penalty, or restraint on the alien's liberty to be imposed.

The statute encompasses state court adjudications and does not sanction disregarding them because of the theoretical possibility that criminal conduct might be treated differently by federal authorities. Savchuck's position has been rejected by the First and Ninth Circuits. *See Viera Garcia v. INS*, 239 F.3d 409, 413 (1st Cir. 2001) ("Once adjudicated by the state court, as either a juvenile or an adult, we are bound by that determination."); *Vargas-Hernandez v. Gonzales*, 497 F.3d 919, 923 (9th Cir. 2007) (finding state treatment of petitioner as adult determinative). We join these Circuits and hold that, because Savchuck's grand larceny

3

conviction qualifies as a conviction under 8 U.S.C. § 1101(a)(48)(A), the BIA correctly found him removable.

Savchuck also claims that the evidence submitted by the government to prove his conviction was inadequate. As proof, the government submitted a computer print-out by the New York State Division of Criminal Justice Services of Savchuck's Criminal History (his "rap sheet"), a copy of the Certificate of Disposition for his petit larceny conviction, and a copy of the Sentence and Order of Commitment for his grand larceny conviction accompanied by a "Certification of Records" by a Department of Homeland Security Officer. These documents, coupled with the fact that Savchuck admitted to the convictions in his testimony, sufficed to prove removability.

Because Savchuck is removable by reason of having committed two or more crimes involving moral turpitude, we only have jurisdiction to review constitutional claims and questions of law raised by Savchuck. *See* 8 U.S.C. § 1252(a)(2)(C) ("[N]o court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense."); *id.* § 1252(a)(2)(D) ("Nothing in subparagraph (B) or (C), or in any other provision of this Chapter . . . which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals. . . .").

Savchuck raises no constitutional claims and we find no errors of law. In seeking asylum and withholding of removal, Savchuck claimed membership in a "social group" said to be composed of people in Ukraine who are "young, certain to be homeless, deportees subject to arrest and prolonged detention." Appellant's Br. at 50. In *In re Acosta*, the BIA explained that a particular social group is one unified by some characteristic that is either (1) "beyond the power of an individual to change" or (2) "so fundamental to individual identity or conscience that it ought not be required to be changed." 19 I. & N. Dec. 211, 233 (B.I.A. 1985). The BIA reaffirmed the *Acosta* test in 2006 and also held that "a group's 'visibility' — meaning the extent to which members of society perceive those with the relevant characteristic as members of a social group — is a factor in determining whether it constitutes a particular social group." *Koudriachova v. Gonzales*, 490 F.3d 255, 261 (2d Cir. 2007); *see also In re C-A-*, 23 I. & N. Dec. 951 (B.I.A. 2006). We have previously determined that the BIA's interpretation of the ambiguous phrase "particular social group" is reasonable. *Koudriachova*, 490 F.3d at 262. Accordingly, we hold that the BIA correctly concluded that the putative group proposed by Savchuck does not possess the characteristics required by *Acosta*.

An alien is entitled to protection under CAT when he or she is "more likely than not [to] . . . be tortured . . . [in] the proposed country of removal." 8 C.F.R. § 208.16(c)(2). "The burden of proof is on the applicant . . . to establish that it is more likely than not that he or she would be tortured if removed to the proposed country of removal." *Id.* In *In re J-F-F-*, the Attorney General pointed out that logically

> [a]n alien will never be able to show that he faces a more likely than not chance of torture if one link in the chain cannot be shown to be more likely than not to occur. It is the

4

likelihood of all necessary events coming together that must more likely than not lead to torture, and a chain of events cannot be more likely than its least likely link.

*In re J-F-F-*, 23 I. & N. Dec. 912, 918 n.4 (AG 2006).

In his application for asylum and withholding of removal, Savchuck wrote in response to the question "are you afraid of being subject to torture in your home country" that he feared that he would "be subjected to severe economic hardship," which would result in him "living on the street," "fall[ing] prey to the criminals and corrupt local government officials," and make it "impossible . . . to buy food or other basic life essentials," thus resulting in his death at "a very early age." Relying on *In re J-F-F-*, the BIA determined that Savchuck's "claim is too speculative in that it involves a chain of assumptions regarding the respondent's potential economic situation in Ukraine." This conclusion was correct.

## CONCLUSION

For the foregoing reasons, the petition is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.