SUMMARY ORDER
Nader Zaid Hadi Yafaee seeks review of a June 18, 2008 final order of removal of the BIA, affirming the March 10, 2008 opinion of Immigration Judge (“IJ”) Alan L. Page denying Yafaee’s motion to reopen. The main issue presented by this petition for review is whether the BIA erred in holding that Yafaee was removable on account of his November 5, 1998 conviction for Assault in the First Degree in violation of N.Y. Penal Law § 120.10(1), a crime he committed at the age of fifteen, but for which he was not granted Youthful Offender status by the New York state court. We assume the parties’ familiarity with the underlying facts, procedural history, and specification of issues for review.
Yafaee was charged as removable as an “alien who is convicted of an aggravated felony” pursuant to Section 237(a)(2)(A)(iii) of the Immigration and Nationality Act (“INA”), 8 U.S.C. § 1227(a)(2)(A)(iii). The INA defines an “aggravated felony” to include certain “crimefs] of violence.” INA § 101(a)(43)(F), 8 U.S.C. § 1101(a)(43)(F). The BIA concluded that Yafaee’s assault conviction was such a “crime of violence.” We review de novo the BIA’s determination “that an offense, as defined by a particular criminal statute, falls within [the] terms” of a removal provision of the INA. Kuhali v. Reno, 266 F.3d 93, 102 (2d Cir. 2001).
Yafaee does not dispute that, had he committed the assault offense as an adult, he would have been removable under the INA. Yafaee argues that because he committed the assault at the age of fifteen, it was not a “crime of violence.” In Sav-chuck v. Mukasey, we held that a state court conviction of a juvenile as an adult was a “conviction” for purposes of the INA, even though that juvenile could not have been tried as an adult under Section 5032 of the Federal Juvenile Delinquency Act (“FJDA”). 518 F.3d 119, 122 (2d Cir. 2008) (per curiam). However, Savchuck was convicted of a removable offense other than a “crime of violence.” Yafaee directs our attention to language in Section 5032 which provides that juveniles will not face criminal prosecution in the federal courts:
[Ejxcept that, with respect to a juvenile fifteen years and older alleged to have committed an act after his fifteenth birthday which if committed by an adult would be a felony that is a crime of violence or [certain other offenses], criminal prosecution on the basis of the alleged act may be begun by motion to transfer of the Attorney General in the appropriate district court of the United States, if such court finds, after hearing, such transfer would be in the interest of justice.
18 U.S.C. § 5032 (emphasis added). Federal courts must provide certain due process protections before determining that a criminal prosecution against a juvenile as an adult is in the “interest of justice” under Section 5032. See id. Yafaee argues that the New York state sentencing court was not required to comply with comparable procedural safeguards in denying him Youthful Offender status. Therefore, he argues that he was not convicted of a “crime of violence” as that term is defined in Title 18.
This argument is foreclosed by the plain language of the INA, which provides that “a crime of violence” is “as defined in section 16 of title 18 ...” INA § 101(a)(43)(F), 8 U.S.C. § 1101(a)(43)(F) (emphasis added). Section 16 states “[t]he term ‘crime of violence’ means ...” an offense of a certain nature or including elements related to physical force. 18 *123 U.S.C. § 16. Section 16 does not incorporate Section 5032’s procedural requirements into the definition of the term “crime of violence.” It is not ambiguous such that we must look to Section 5032 for clarification. Moreover, Section 5032 does not define a “crime of violence.” It only refers to a juvenile who has committed an act that “would be” a felony that is a crime of violence if committed by an adult. To infer that the procedural requirements of the FJDA are elements of a “crime of violence,” but not nonviolent removable offenses, would result in the absurdity of affording more protection to aliens convicted of violent crimes such as Yafaee than nonviolent criminals such as Savchuck.
Because we conclude that Yafaee’s argument on appeal as to his eligibility for removal is without merit, we do not reach Yafaee’s arguments that his waiver of his right to an appeal was not knowing and informed, or that his waiver was a result of ineffective assistance of counsel. We therefore DENY the petition for review.