**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-1462**

ASRORBEK TOSHEV,

                    Petitioner,

          v.

ERIC H. HOLDER, JR., Attorney General,

                    Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: December 15, 2010        Decided: January 13, 2011

Before DUNCAN, DAVIS, and KEENAN, Circuit Judges.

Petition dismissed in part and denied in part by unpublished per curiam opinion.

Richard W. Moore, Jr., LAW OFFICES OF RICHARD W. MOORE, PA, Towson, Maryland, for Petitioner.  Tony West, Assistant Attorney General, Blair T. O'Connor, Assistant Director, Elizabeth D. Kurlan, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Asrorbek Toshev, a native and citizen of Uzbekistan, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing his appeal from the immigration judge's denial of his requests for asylum, withholding of removal, and protection under the Convention Against Torture.

In his brief on appeal, Toshev argues that he established extraordinary circumstances to excuse his failure to file his asylum application within one year of his arrival in the United States. We lack jurisdiction to review this determination pursuant to 8 U.S.C. § 1158(a)(3) (2006), and find that Toshev has failed to raise a constitutional claim or colorable question of law that would fall under the exception set forth in 8 U.S.C. § 1252(a)(2)(D) (2006). See Gomis v. Holder, 571 F.3d 353, 358-59 (4th Cir. 2009), cert. denied, 130 S. Ct. 1048 (2010). Given this jurisdictional bar, we cannot review the underlying merits of Toshev's asylum claims. Accordingly, we dismiss this portion of his petition for review.

Toshev also contends that the Board and the immigration judge erred in denying his request for withholding of removal. "Withholding of removal is available under 8 U.S.C. § 1231(b)(3) if the alien shows that it is more likely than not that h[is] life or freedom would be threatened in the country of removal because of h[is] race, religion, nationality, membership

2

in a particular social group, or political opinion." Gomis, 571 F.3d at 359 (citations omitted); see 8 U.S.C. § 1231(b)(3) (2006). Based on our review of the record, we conclude that substantial evidence supports the denial of Toshev's request for withholding of removal.

Finally, Toshev challenges the denial of his request for protection under the Convention Against Torture. To qualify for such protection, a petitioner bears the burden of proof of showing "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2) (2010). The applicant need not prove the torture would be inflicted on account of a protected ground. Dankam v. Gonzales, 495 F.3d 113, 116 (4th Cir. 2007).

Before the immigration judge, Toshev merely assumed, without support, that the government could become aware of his anti-government sentiment and Internet activity and subject him to possible imprisonment and torture. Because Toshev's fear is too speculative to warrant relief, see Savchuck v. Mukasey, 518 F.3d 119, 123-24 (2d Cir. 2008), we conclude that substantial evidence supports the denial of his request for protection under the Convention Against Torture.

Accordingly, we dismiss the petition for review in part and deny the petition for review in part. We dispense with oral argument because the facts and legal contentions are

3

adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DISMISSED IN PART
AND DENIED IN PART