Duran-Palacios v. Garland

BIA
Poczter, IJ
A209 236 273

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of May, two thousand twenty-one.

PRESENT:
       JON O. NEWMAN,
       ROBERT D. SACK,
       RICHARD J. SULLIVAN,
          *Circuit Judges.*

_____

MARTA ANGELA DURAN-PALACIOS,
       *Petitioner*,

       v.                      19-1743
                                 NAC

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
       *Respondent*.

_____

FOR PETITIONER:       Bruno Joseph Bembi, Hempstead, NY.

FOR RESPONDENT:       Andrew N. O'Malley, Senior Litigation Counsel; Michele Y. F. Sarko, Attorney, Office of Immigration Litigation, United

States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Marta Angela Duran-Palacios, a native and citizen of El Salvador, seeks review of a June 3, 2019 decision of the BIA affirming a February 7, 2018 decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Marta Angela Duran-Palacios*, No. A209 236 273 (B.I.A. June 3, 2019), *aff'g* No. A209 236 273 (Immig. Ct. N.Y. City Feb. 7, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review the BIA and IJ's factual findings under the substantial evidence standard, and we review questions of law *de novo*. *See* 8 U.S.C. § 1252(b)(4)(B); *Paloka v. Holder*, 762 F.3d 191, 195 (2d Cir. 2014).

An applicant for asylum and withholding of removal "must

2

establish that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i); *see also id.* § 1231(b)(3)(A); *Matter of C-T-L-*, 25 I. & N. Dec. 341, 348 (B.I.A. 2010) (applying one central reason standard to withholding of removal).  The agency did not err in finding that Duran-Palacios failed to demonstrate a nexus between the harm she fears from gangs and her membership in the particular social group of her family.  Contrary to Duran-Palacios's contention, the Attorney General's decision in *Matter of L-E-A-*, 27 I. & N. Dec. 581 (A.G. 2019) is not material or helpful to her case.  In that decision, the Attorney General concluded that "a nuclear family will not, without more, constitute a 'particular social group' because most nuclear families are not inherently socially distinct."  27 I. & N. Dec. at 589.

But even assuming, as the IJ did here, that Duran-Palacios's family is a cognizable social group, the agency did not err in concluding that she failed to demonstrate that her membership in her family was a central reason for the harm she allegedly fears.  Tragically, gang members from one

3

gang murdered Duran-Palacios's husband, while members of a different gang threatened her daughter for recruitment purposes and attempted to extort Duran-Palacios as they had done with her neighbors. But Duran-Palacios provided no evidence from which to infer that the latter group of gang members – who are different from those who murdered her husband – targeted her on account of her membership in her immediate family. *See* 8 U.S.C. §§ 1158(b)(1)(B)(i), 1231(b)(3)(A); *see also Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 (2d Cir. 2005) (requiring applicant to show nexus "through direct or circumstantial evidence" of the persecutor's motive); *cf. Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 73 (2d Cir. 2007) ("When the harm visited upon members of a group is attributable to the incentives presented to ordinary criminals rather than to persecution, the scales are tipped away from considering those people a 'particular social group' within the meaning of the [Immigration and Nationality Act].").  Because Duran-Palacios failed to establish a nexus between the harm she fears and her family membership, the agency did not err in denying asylum and withholding of removal. *See* 8 U.S.C. §§ 1158(b)(1)(B)(i), 1231(b)(3)(A).

4

Unlike asylum and withholding of removal, CAT relief does not require that petitioner establish a nexus between the threatened harm and membership in a particular group. *See* 8 C.F.R. § 1208.16(c)(2). But an applicant must still show that she would "more likely than not" be tortured by or with the acquiescence of the government. *See* 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1); *Khouzam v. Ashcroft*, 361 F.3d 161, 170–71 (2d Cir. 2004). The agency did not err in finding that Duran-Palacios failed to establish a likelihood of torture, let alone torture by or with the acquiescence of the government, because she did not suffer past torture or provide any evidence that she would likely suffer torture in the future. *See* 8 C.F.R. § 1208.16(c)(2), (3); *see also Savchuck v. Mukasey*, 518 F.3d 119, 123 (2d Cir. 2008) ("[A]n alien will never be able to show that [s]he faces a more likely than not chance of torture if one link in the chain cannot be shown to be more likely than not to occur." (internal quotation marks omitted)); *Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005) ("In the absence of solid support in the record . . . [an applicant's] fear is speculative at best."). Further, though Duran-Palacios asserted in her asylum application and her brief on appeal that "the gangs in

5

El Salvador are the government" and "the police work for [the gangs]," she did not substantiate these far-reaching claims with evidence. Petitioner's Br. 5. General conditions of violence in El Salvador are insufficient to satisfy Duran-Palacios's burden for CAT relief. *See Wang v. Ashcroft*, 320 F.3d 130, 144 (2d Cir. 2003) (holding that beyond general country conditions evidence demonstrating incidents of torture in a country, an applicant for CAT relief must provide some evidence "that someone in his particular alleged circumstances is *more likely than not* to be tortured.").

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

6