Pillacela-Cajamarca v. Garland

BIA
Straus, IJ
A209 421 677

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of September, two thousand twenty-one.

PRESENT:
> JON O. NEWMAN,
> JOSÉ A. CABRANES,
> JOSEPH F. BIANCO,
> *Circuit Judges.*

_____

FRANCKLIN DANILO PILLACELA-
CAJAMARCA,
> *Petitioner*,

v.                                          19-1708
                                            NAC

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Robert C. Ross, Esq., West Haven, CT.

FOR RESPONDENT:          Joseph H. Hunt, Assistant Attorney General; Kiley Kane, Senior

Litigation Counsel; Todd J. Cochran, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Francklin Danilo Pillacela-Cajamarca, a native and citizen of Ecuador, seeks review of a May 13, 2019, decision of the BIA affirming a December 18, 2017, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Francklin Danilo Pillacela-Cajamarca,* No. A 209 421 677 (B.I.A. May 13, 2019), *aff'g* No. A 209 421 677 (Immig. Ct. Hartford Dec. 18, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as supplemented by the BIA. *See Wala v. Mukasey*, 511 F.3d 102, 105 (2d Cir. 2007). The standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B) ("[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would

2

be compelled to conclude to the contrary."); *Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) (reviewing factual findings for substantial evidence and questions of law and application of law to fact de novo).

To obtain asylum or withholding of removal, Pillacela-Cajamarca was required to establish that "race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for" the claimed persecution.  8 U.S.C. §§ 1158(b)(1)(B)(i) (asylum), 1231(b)(3)(A) (withholding); *Matter of C-T-L-*, 25 I. & N. Dec. 341, 346 (B.I.A. 2010) (holding that the "one central reason" standard also applies to withholding of removal).  Pillacela-Cajamarca argues that he established that he would be persecuted on account of his membership in the particular social group of "witnesses to a crime."  To constitute a particular social group, a group must be "(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question." *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (B.I.A. 2014); *see Paloka v. Holder*, 762 F.3d 191, 195–97 (2d Cir. 2014).

3

"Particularity refers to whether the group is sufficiently distinct that it would constitute a discrete class of persons." *Matter of W-G-R-*, 26 I. & N. Dec. 208, 210 (B.I.A. 2014) (internal quotation marks omitted). "To be socially distinct, a group . . . must be perceived as a group by society." *Matter of M-E-V-G-*, 26 I. & N. Dec. at 240.

Pillacela-Cajamarca's proposed group failed to satisfy the particularity and social distinction requirements. In *Gashi v. Holder*, 702 F.3d 130, 136 (2d Cir. 2012), we concluded that witnesses who cooperated with official war crimes investigators were a particular social group. Unlike Pillacela-Cajamarca's proposed group, the group in *Gashi* was highly specific, "finite," and limited to cooperating witnesses of war crimes committed by soldiers under the command of a particular leader. *Id.* at 137. Pillacela-Cajamarca did not provide the "clear benchmark" that was present in *Gashi*, as his group could include victims of crimes, cooperating witnesses, informants, and individuals who did not act after seeing a crime. *Matter of M-E-V-G-*, 26 I. & N. Dec. at 239. Furthermore, the record does not support the conclusion that Ecuadorian society views crime

4

witnesses as discrete group; the fact that the police are aware that Pillacela-Cajamarca witnesses a crime is insufficient because the distinction must be recognized by society at large. *Id.* at 242; *see also Paloka*, 762 F.3d at 196. In sum, because the group could include a wide swath of the population and given the lack of evidence of societal perception of crime witnesses as a group, we find no error in the agency's determination that Pillacela-Cajamarca's proposed group was not cognizable.

We also find no error in the denial of CAT relief. An applicant has the burden to "establish that it is more likely than not that . . . he would be tortured if removed to the proposed country of removal." 8 C.F.R. §§ 1208.16(c)(2), 1208.17(a). The agency reasonably found it speculative that the police officers who previously assaulted Pillacela-Cajamarca likely would seek him out for torture given the time that passed since his family last encountered the officers in 2016 and the fact that his family has relocated safely within Ecuador. *See Savchuck v. Mukasey*, 518 F.3d 119, 123-24 (2d Cir. 2008) (explaining that "alien will never be able to show that he faces a more likely than not chance

5

of torture if one link in the chain cannot be shown to be more likely than not to occur. It is the likelihood of all necessary events coming together that must more likely than not lead to torture, and a chain of events cannot be more likely than its least likely link." (internal quotation marks omitted)); *Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) ("In the absence of solid support in the record . . . [applicant's] fear is speculative at best.").

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

6