Alexis v. Garland

BIA
Straus, IJ
A200 444 973

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of April, two thousand twenty-three.

PRESENT:
> JOSÉ A. CABRANES,
> ROSEMARY S. POOLER,
> RICHARD J. SULLIVAN,
> *Circuit Judges.*

_____

GARYL ALEXIS,
> *Petitioner,*

v.                                                      **20-2331**
                                                        **NAC**

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

_____

**FOR PETITIONER:** Diana R. Blank, New Haven Legal Assistance Association, New Haven, CT.

**FOR RESPONDENT:** Brian M. Boynton, Acting Assistant Attorney General; Anthony C. Payne, Assistant Director; Neelam Ihsanullah, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Garyl Alexis, a native and citizen of Haiti, seeks review of a June 24, 2020, decision of the BIA affirming an October 10, 2019, decision of an Immigration Judge ("IJ") denying his application for deferral of removal under the Convention Against Torture ("CAT"). *In re Garyl Alexis*, No. A200 444 973 (B.I.A. June 24, 2020), *aff'g* No. A200 444 973 (Immig. Ct. Hartford Oct. 10, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed both the IJ's and BIA's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review questions of law de novo and factual findings for substantial evidence. *Quintanilla-Mejia v. Garland*, 3 F.4th 569, 583 (2d Cir. 2021). "[T]he

administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary."   8 U.S.C. § 1252(b)(4)(B). "[S]ubstantial evidence review does not contemplate any judicial reweighing of evidence.  Rather it requires us to ask only whether record evidence compelled a . . . finding different from that reached by the agency."  *Quintanilla-Mejia*, 3 F.4th at 593–94.

A CAT applicant has the burden to show that he would "more likely than not" be tortured.  8 C.F.R. §§ 1208.16(c), 1208.17.  An applicant for CAT relief must show that "it is more likely than not" that he will be tortured "by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity."   8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1); *Khouzam v. Ashcroft*, 361 F.3d 161, 168 (2d Cir. 2004).  "An alien will never be able to show that he faces a more likely than not chance of torture if one link in the chain cannot be shown to be more likely than not to occur.  It is the likelihood of all necessary events coming together that must more likely than not lead to torture, and a chain of events cannot be more likely than its least likely link."  *Savchuck v. Mukasey*, 518 F.3d 119, 123 (2d Cir. 2008) (quotation marks and brackets omitted).  Alexis asserts that because of his specific characteristics (criminal conviction,

Americanization, inability to speak Haitian Creole, aunt's connection to the Lavalas political movement, and lack of family in Haiti) he is likely (1) to be detained on arrival and tortured in detention; and (2) to be tortured by vigilante mobs and law enforcement when not detained. The record does not compel a conclusion contrary to the agency's conclusion that Alexis failed to demonstrate that this torture was more likely than not to occur.

The agency acknowledged that Alexis may face harsh treatment in Haiti, but reasonably concluded that he did not show that it was more likely than not that he would be detained or that he would be tortured outside of detention. The Haitian government is notified of the criminal deportees who are being repatriated and their criminal histories, and criminal deportees are to be immediately released if they do not have pending convictions in Haiti. Although the record reflects that the policy is not uniformly applied, it does not establish that criminal deportees are more likely than not to be detained past this initial screening. *See Mu-Xing Wang v. Ashcroft*, 320 F.3d 130, 144 n.20 (2d Cir. 2003) (requiring CAT applicant to "establish that there is greater than a fifty percent chance (i.e. that it is 'more likely than not') that he will be tortured"). Although Alexis challenges the agency's reliance on the lack of quantifiable data, he does not present evidence that the

4

stories of detention he proffers are more than isolated incidents, or other evidence that he is more likely than not to be detained. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 157–58 (2d Cir. 2008) ("[W]hen a petitioner bears the burden of proof, his failure to adduce evidence can itself constitute the 'substantial evidence' necessary to support the agency's decision."). Because Alexis did not demonstrate that he more likely than not will be detained upon his arrival in Haiti, he necessarily failed to show that he would more likely than not be tortured while in detention. *See Savchuck,* 518 F.3d at 123.

The agency did not otherwise err in finding that Alexis was not more likely than not to be tortured by vigilante mobs or targeted and tortured by law enforcement. The record reflects that because of his Americanization, inability to speak Haitian Creole, and lack of family in Haiti, Alexis will have difficulty finding housing or employment there and may become homeless, which increases the likelihood that he will be identified as a deportee. Alexis argues that he will likely be targeted and tortured because he will eventually come within the ambit of a crime and be falsely accused by a vigilante mob or police officer and subsequently beaten or subjected to harsh treatment rising to the level of torture. However, the fact that crime is prevalent is not sufficient to show that he will more likely than

5

not be tortured. *See Mu-Xing Wang*, 320 F.3d at 144 n.20. Moreover, although Alexis gave examples of criminal deportees being falsely accused of crimes and targeted, he did not present country conditions to suggest those were more than isolated incidents, or that more than half of criminal deportees suffer such a fate. *Id.*; *see Savchuck,* 518 F.3d at 123; *Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) ("In the absence of solid support in the record . . . , [an applicant's] fear is speculative at best."). Similarly, Alexis did not show that his aunt's connection to the Lavalas movement would likely be discovered or, even if discovered, would likely result in his torture because the record reflects violence against individuals directly engaged in political activity, not violence against people who shared a last name of someone who supported an opposition group. Alexis presented one case of an individual who was targeted for having the same last name as someone connected to a political movement; however, this one incident reflects that the harm is possible, but not likely.

Alexis's remaining arguments fail. The agency did not err in denying CAT relief for some of the same reasons it denied withholding of removal because the agency also applied the standards for CAT relief, and withholding has the same likelihood of harm requirement as the CAT claim. *See Lecaj v. Holder*, 616 F.3d 111,

6

119 (2d Cir. 2010). Alexis's argument that the agency failed to consider the interplay of his characteristics or aggregate risk of torture fails. The agency considered each of the characteristics and stated that it had considered them in the aggregate, and Alexis does not identify evidence that compels the conclusion that the agency erred in that assessment. *See Quintanilla-Mejia*, 3 F.4th at 593–94; *Xiao Ji Chen v. U.S. Dep't of Ju*stice, 471 F.3d 315, 338 n.17 (2d Cir. 2006) ("[W]e presume that [the agency] has taken into account all the evidence before [it], unless the record compellingly suggests otherwise.").

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court