*Qin v. Garland*

BIA
Navarro, IJ
A 202 049 598

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19ᵗʰ day of May, two thousand twenty-three.

**PRESENT:**
> JON O. NEWMAN,
> GERARD E. LYNCH,
> RICHARD J. SULLIVAN,
> *Circuit Judges.*

_____

**HUABIN QIN,**
> *Petitioner*,

> **v.**                                                    **21-6192**
>                                                            **NAC**

**MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,**
> *Respondent.*

_____

**FOR PETITIONER:** Aleksander Boleslaw Milch, The Kasen Law Firm, PLLC, Flushing, NY.

**FOR RESPONDENT:** Brian Boynton, Acting Assistant Attorney General; Leslie McKay, Senior Litigation Counsel; Rosanne M. Perry, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Huabin Qin, a native and citizen of the People's Republic of China, seeks review of March 12, 2021 decision of the BIA affirming a February 4, 2019 decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Huabin Qin,* No. A 202 049 598 (B.I.A. Mar. 12, 2021), *aff'g* No. A 202 049 598 (Immig. Ct. N.Y.C. Feb. 4, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

Because the BIA summarily affirmed the IJ's decision, we review the decision of the IJ directly. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 543 (2d Cir. 2005). We review the agency's factual findings for substantial evidence and questions of law de novo. *See Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir.

2

2009); *see also* 8 U.S.C. § 1252(b)(4)(B) ("[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary."). Applying those standards, we conclude that the IJ did not err in finding that Qin did not establish that a political opinion was one central reason that the police arrested and beat him or that he would more likely than not be tortured if removed to China.

### I. Asylum and Withholding of Removal

An applicant for asylum or withholding or removal has the burden to show either past persecution or a fear of future persecution and that "race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i); *see also id.* § 1231(b)(3)(A); 8 C.F.R. §§ 1208.13(b), 1208.16(b); *Quituizaca v. Garland*, 52 F.4th 103, 109–14 (2d Cir. 2022) (holding that the "one central reason" standard applies to both asylum and withholding of removal). To demonstrate that persecution (past or prospective) bears a nexus to an applicant's political opinion, "[t]he applicant must . . . show, through direct or circumstantial evidence, that the persecutor's motive to persecute arises from the applicant's political beliefs." *Yueqing Zhang*, 426 F.3d at 545. "[W]here the applicant's

3

political belief takes the form of opposition to a government policy or practice that is visited on the population at large, mere subjection to that policy or practice will not itself qualify as persecution on account of political opinion." *Id*. (internal quotation marks omitted). The applicant "must establish a fear of reprisal that is different in kind from a desire to avoid the exactions (however harsh) that a foreign government may place upon its citizens." *Id*. (internal quotation marks omitted). "[O]pposition to . . . government practices or policies[] may have a political dimension when it transcends mere self-protection and represents a challenge to the legitimacy or authority of the ruling regime." *Id*. at 547–48. A political opinion can be actual or imputed; "[a] political opinion is imputed when an individual has a political opinion attributed to him—correctly or incorrectly—on account of his beliefs, actions[,] or associations." *Ruqiang Yu v. Holder*, 693 F.3d 294, 299 (2d Cir. 2012) (internal quotation marks omitted).

Qin testified that he refused to sign an agreement for the demolition of a factory he developed on his land because the head of the demolition and relocation bureau offered him only a tenth of the factory's replacement cost, and he believed the offer was low because the officials were corrupt. He repeatedly told officials that he objected to the demolition order because the government did not offer him

4

adequate compensation. Although he called police "running dogs" of the Communist Party, he did so only after he was arrested and detained when he physically resisted their attempt to enforce the demolition order. *See* Certified Admin. Record at 68–69; *see also id.* at 232. He did not join protests against the government or the policy, rally other property owners to protest the policy, establish himself as a leader of any general protests, or show that the police arrested him for any reason other than his resistance to the demolition order. Accordingly, he did not establish that his actions or words "transcend[ed] mere self-protection." *Yueqing Zhang*, 426 F.3d at 547–48 (explaining that objections to extortion attempts became political when the applicant "decided to marshal support from similarly afflicted business owners and to attempt to publicize and criticize endemic corruption extending beyond his own case"). Nor did he establish that the authorities had or would impute a political opinion to him. *See* *Ruqiang Yu*, 693 F.3d at 299. His single verbal attack on police expressed his unhappiness with the fairness of the process as applied to him, not a general opposition to the Chinese government or the Communist Party, particularly as it was a reaction to his arrest and detention for resisting the demolition order on his own property. The lack of nexus to a political opinion is dispositive of asylum

5

and withholding of removal. *See* 8 U.S.C. §§ 1101(a)(42)(A), 1158(b)(1)(B)(i), 1231(b)(3)(A).

**II.    CAT Relief**

Unlike asylum or withholding of removal, CAT relief does not require a nexus to a protected ground, but instead requires the applicant to establish that he will "more likely than not" be tortured. 8 C.F.R. § 1208.16(c)(2). "Torture is defined as any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted," *id.* § 1208.18(a)(1); it "is an extreme form of cruel and inhuman treatment and does not include lesser forms of cruel, inhuman or degrading treatment or punishment that do not amount to torture," *id.* § 1208.18(a)(2). In assessing whether an applicant is more likely than not to be tortured in the proposed country of removal, the agency shall consider, among other factors, "[e]vidence of past torture inflicted upon the applicant" and "[o]ther relevant information regarding conditions in the country of removal." *Id.* § 1208.16(c)(3)(i), (iv). "[A]n alien will never be able to show that he faces a more likely than not chance of torture if one link in the chain cannot be shown to be more likely than not to occur. It is the likelihood of all necessary events coming together that must more likely than not lead to torture, and a chain of events

6

cannot be more likely than its least likely link." *Savchuck v. Mukasey*, 518 F.3d 119, 123 (2d Cir. 2008) (quoting *Matter of J–F–F–*, 23 I. & N. Dec. 912, 918 n.4 (A.G. 2006)).

The record supports the IJ's decision, given Qin's lack of evidence that his past harm rose to the level of torture, that Chinese officials continue to look for him, or that he would oppose government action in the future. *See Savchuck*, 518 F.3d at 123; *see also Jian Hui Shao v. Mukasey*, 546 F.3d 138, 157–58 (2d Cir. 2008) ("[W]hen a petitioner bears the burden of proof, his failure to adduce evidence can itself constitute the substantial evidence necessary to support the agency's challenged decision." (internal quotation marks omitted)).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court