Khan v. Garland
BIA
Christensen, IJ
A209 848 174

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of June, two thousand twenty-three.

PRESENT:
> JOSÉ A. CABRANES,
> SUSAN L. CARNEY,
> RICHARD J. SULLIVAN,
> > *Circuit Judges.*

_____

MUZAMAL KHAN,
> *Petitioner,*

v.                                                          20-4171
                                                            NAC

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Usman B. Ahmad, Esq., Long Island City, NY.

FOR RESPONDENT:        Brian Boynton, Acting Assistant Attorney General; M. Jocelyn Lopez

Wright, Senior Litigation Counsel; Jacob A. Bashyrov, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Muzamal Khan, a native and citizen of Pakistan, seeks review of a November 30, 2020 decision of the BIA affirming a June 5, 2018 decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Muzamal Khan,* No. A 209 848 174 (B.I.A. Nov. 30, 2020), *aff'g* No. A 209 848 174 (Immig. Ct. N.Y.C. June 5, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified and supplemented by the BIA. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's factual findings for substantial evidence and questions of law de novo. *See Yanqin Weng v. Holder*, 562 F.3d 510, 513

(2d Cir. 2009). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

I.   Asylum and Withholding of Removal

Khan alleged that a loan shark beat and threatened him because of his membership in the particular social groups of "farmers" and "people belonging to a rural class." He had the burden to establish that his membership in one of these proposed groups was "at least one central reason" for the past harm or his fear of future harm. 8 U.S.C. § 1158(b)(1)(B)(i); *see also Quituizaca v. Garland*, 52 F.4th 103, 109–14 (2d Cir. 2022) (holding that the "one central reason" standard applies to both asylum and withholding of removal). Substantial evidence supports the agency's conclusion that Khan failed to carry that burden. *See Edimo-Doualla v. Gonzales*, 464 F.3d 276, 282 (2d Cir. 2006) (reviewing nexus determination for substantial evidence).

Khan testified that he approached the loan shark to finance medical treatment for his parents, and that the loan shark demanded payment of double the amount Khan had borrowed.

3

When he did not repay, the loan shark threatened Khan, slapped him and held his neck, and took jewelry from his brother's house.  Khan went to the police, but they simply told him to repay the loan.  Khan testified that the loan shark hurt him because he wanted his money back.  Based on these facts, the agency reasonably determined Khan was threatened and harmed because he failed to repay a loan, and not because of his membership in his proposed particular social groups. *Quintanilla-Mejia v. Garland,* 3 F.4th 569, 588 (2d Cir. 2021) (explaining that to secure relief a noncitizen must show "his persecutor['s] motive in threatening his life or freedom was, at least in part, [his] membership in that social group"); *see also Quituizaca*, 52 F.4th at 114–15 ("A protected ground cannot be incidental or tangential to another reason for harm." (quotation marks omitted)).  Khan argues generally that the loan shark takes advantage of rural farmers, but the record reflects that the loan shark lends to rural farmers because he can impose usurious terms, and not because of their status as members of a particular social group.  *See Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 73 (2d Cir. 2007) ("When the harm visited upon members of a group is attributable to the

4

incentives presented to ordinary criminals rather than to persecution, the scales are tipped away from considering those people a 'particular social group' within the meaning of the INA.").

II. <u>CAT Relief</u>

A CAT applicant bears the burden of demonstrating that he will "more likely than not" be tortured by or with the acquiescence of government officials. 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1). Torture is defined as any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person by, or at the instigation of, or with the consent or acquiescence of, a public official acting in an official capacity or other person acting in an official capacity. *See id.* § 1208.18(a)(1). "In assessing whether it is more likely than not that an applicant would be tortured," the agency must consider "all evidence relevant to the possibility of future torture," including "[e]vidence of past torture inflicted upon the applicant," "[e]vidence that the applicant could relocate to a part of the country of removal where he or she is not likely to be tortured," "[e]vidence of gross, flagrant or mass

5

violations of human rights within the country of removal," and "[o]ther relevant information regarding conditions in the country of removal." *Id.* § 1208.16(c)(3). Furthermore, "an alien will never be able to show that he faces a more likely than not chance of torture if one link in the chain cannot be shown to be more likely than not to occur. It is the likelihood of all necessary events coming together that must more likely than not lead to torture, and a chain of events cannot be more likely than its least likely link." *Savchuck v. Mukasey*, 518 F.3d 119, 123 (2d Cir. 2008) (quoting *In re J-F-F-,* 23 I. & N. Dec. 912, 918 n.4 (A.G. 2006)).

The record reflects that on one occasion the loan shark slapped Khan and grabbed him by the neck but did not cause serious injury. This does not amount to torture. *See* 8 C.F.R. § 1208.18(a)(2) ("Torture is an extreme form of cruel and inhuman treatment and does not include lesser forms of cruel, inhuman or degrading treatment or punishment that do not amount to torture."). And Khan did not otherwise establish that the loan shark would more likely than not locate and torture him in the future; any such speculation was undermined by evidence that the loan shark has not

6

followed through on prior threats to seize Khan's house in Pakistan. *See Savchuck*, 518 F.3d at 123; *Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) ("In the absence of solid support in the record . . . [an applicant's] fear is speculative at best.").

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe,
                                    Clerk of Court

7