24-1830
*Ramirez Gastiaburo v. Bondi*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of February, two thousand twenty-six.

PRESENT:

> DENNIS JACOBS,
> GERARD E. LYNCH,
> RICHARD J. SULLIVAN,
> *Circuit Judges.*

_____

GREGORIO RAMIREZ GASTIABURO, SUSANA MARIA VASQUEZ FRANCO, E.A.S.V., I.Y.R.V., D.L.S.V., Y.S.V.F.,

> *Petitioners,*

> v.                                                      No. 24-1830

PAMELA BONDI, United States Attorney General,

*Respondent.**

_____

For Petitioners:        EDGAR L. FANKBONNER, Goldberger & Dubin, PC, New York, NY.

For Respondent:        CHRISTOPHER WILLIAM DEXTRE (Yaakov M. Roth, Acting Assistant Attorney General; Zoe J. Heller, Senior Litigation Counsel; Erik R. Quick, Trial Attorney, *on the brief*), Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED**.

Petitioners Gregorio Ramirez Gastiaburo, Susana Maria Vasquez Franco, and their minor children, natives and citizens of Ecuador, seek review of a June 25, 2024 decision of the BIA affirming a January 8, 2024 decision of an Immigration Judge ("IJ") denying them relief under the Convention Against Torture ("CAT").[1]

*See In re Ramirez Gastiaburo, et al.*, Nos. A246 643 918/919/920/921/922/923 (BIA June 25, 2024), *aff'g* Nos. A246 643 918/919/920/921/922/923 (Immigr. Ct. N.Y.C. Jan. 8,

---

* The Clerk of Court is respectfully directed to amend the official case caption to reflect the abbreviation of the minor Petitioners' names.

[1] Though Petitioners applied for asylum under 8 U.S.C. § 1158 and withholding of removal under 8 U.S.C. § 1231(b)(3), they have abandoned those claims on appeal.

2024). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision.

## I. Legal Standards.

We consider both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review factual findings for substantial evidence and legal questions *de novo*. *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) ("[W]hatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high.").

To establish eligibility for CAT protection, an applicant must show that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2); *see also Quintanilla-Mejia v. Garland*, 3 F.4th 569, 592 (2d Cir. 2021) ("An alien seeking CAT relief bears the burden of proving the likelihood of future torture."). When assessing the likelihood of future torture, the agency considers, among other factors, (1) evidence of past

torture; (2) evidence that the applicant could relocate within the country of removal to a place where he or she would not likely be tortured; (3) evidence of gross, flagrant, or mass violations of human rights within the country of removal; and (4) any other relevant information.   *See* 8 C.F.R. § 1208.16(c)(3)(i)–(iv).

## II.    Petitioners Failed to Satisfy Their Evidentiary Burden Under CAT.

Here, substantial evidence supported the agency's finding that Petitioners failed to establish that they would more likely than not be tortured by the Los Choneros gang upon returning to Ecuador.   To begin, the IJ correctly concluded that the gang targeted Petitioners solely to use their family farm to further the gang's illegal activities (in Ramirez Gastiaburo's words:   "[t]o hide delinquents and family of theirs").   Cert. Admin. R. at 151; *see id.* at 54 ("While [Ramirez Gastiaburo] testified that Los Choneros operate throughout Ecuador, the individuals who harmed him and his wife were *only* after their land." (emphasis added)).    As Ramirez Gastiaburo himself acknowledged, Los Choneros "approached [Petitioners] because they wanted to use [Petitioners'] land."   *Id.* at 151.   In other words, Petitioners' torture claim is inextricably intertwined with their farm; because they left the farm and traveled to the United States, there is no reason to think that the gang would target them to access land that Petitioners

4

had abandoned. *See id.* at 153 (Ramirez Gastiaburo's testimony that he "do[es]n't know" anything about the current state of the land).

Furthermore, no evidence in the record suggests that (1) Petitioners would return to their farm, or (2) Los Choneros would target Petitioners – let alone be able to locate them – should they return to Ecuador. *See Beltran-De Roque v. Barr*, 781 F. App'x 34, 37 (2d Cir. 2019) (concluding that substantial evidence supported the agency's denial of CAT relief because "there [wa]s no evidence that the gang members remain interested in [petitioner] or are more likely than not to torture her in the future"); *McCarthy v. Sessions*, 730 F. App'x 75, 77 (2d Cir. 2018) (affirming the denial of CAT relief because the record reflected that petitioner "had not had any involvement with the business that he had run with his uncle and cousin for more than two years, and he had not presented any basis to conclude that any gang members remained interested in him or his past business"). Absent threats of future harm or evidence that the gang could or would seek them out, Petitioners failed to satisfy their burden of demonstrating that torture was "more likely than not." 8 C.F.R. § 1208.16(c)(2); *see also Savchuck v. Mukasey*, 518 F.3d 119, 123–24 (2d Cir. 2008).

Petitioners nonetheless argue that the agency "improperly imposed a burden on [them] to show that internal relocation was impossible." Ramirez Gastiaburo Br. at 14. While "[t]he governing regulations . . . do not require an applicant to prove that it is not possible to relocate to a different area of the country in order to evade torture," the agency may consider "evidence that an applicant *can* relocate to another part of the country where he or she is not likely to be tortured." *Manning v. Barr*, 954 F.3d 477, 488 (2d Cir. 2020) (emphasis added and internal quotation marks omitted). Here, the agency weighed evidence that Petitioners had successfully reached the United States and had abandoned their land in Ecuador. *See* Cert. Admin. R. at 153. And though Petitioners contend that they previously "tried to relocate but it was fruitless," Ramirez Gastiaburo Br. at 13 (quoting Cert. Admin. R. at 234), that conclusory assertion cannot carry the day; we decline to grant CAT relief on the speculative theory that Petitioners will immediately return to their abandoned land and affirmatively court the same danger that initially drove them to leave.

Whatever Petitioners' burden on the discrete issue of relocation – which is "only one of a number of factors" that the agency "is to consider," *Manning*, 954 F.3d at 488 – "[a]n alien seeking CAT relief [still] bears the [overall] burden of

6

proving the likelihood of future torture," *Quintanilla-Mejia*, 3 F.4th at 592. Petitioners have failed to carry that burden because they nowhere articulate how Los Choneros would even know that they had returned to Ecuador or why the gang would harm them after Los Choneros had already obtained what they wanted from Petitioners: the land. *See Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 160 (2d Cir. 2005) (rejecting CAT claim where petitioner "offer[ed] no additional particularized evidence to support her claim"). And where, as here, "a petitioner bears the burden of proof, his failure to adduce evidence can itself constitute the substantial evidence necessary to support the agency's challenged decision." *Quintanilla-Mejia*, 3 F.4th at 590 (quoting *Shao v. Mukasey*, 546 F.3d 138, 157–58 (2d Cir. 2008)). Because a "reasonable adjudicator" would not be compelled to conclude to the contrary, the agency's "administrative findings of fact are conclusive." 8 U.S.C. § 1252(b)(4)(B).

*   *   *

For the foregoing reasons, the petition for review is **DENIED**. All pending motions and applications are **DENIED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7