Duran De La Rosa v. Garland
BIA
Aikman, IJ
A055 969 548

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17ᵗʰ day of May, two thousand twenty-three.

PRESENT:
>      ROSEMARY S. POOLER,
>      WILLIAM J. NARDINI,
>      MYRNA PÉREZ,
>           *Circuit Judges.*

_____

WANDER DURAN DE LA ROSA,
>      *Petitioner*,

>      v.                                           20-3130
>                                                    NAC

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
>      *Respondent*.

_____


FOR PETITIONER:                Marissa A. Prianti, Kerry W. Bretz, Bretz & Coven, LLP, New York, NY.

**FOR RESPONDENT:**           Brian Boynton, Acting Assistant
                             Attorney General; Julie M.
                             Iversen, Senior Litigation
                             Counsel; Arthur L. Rabin, Trial
                             Attorney, Office of Immigration
                             Litigation, United States
                             Department of Justice, Washington,
                             DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Wander Duran De La Rosa, a native and citizen of the Dominican Republic, seeks review of an August 17, 2020, decision of the BIA affirming a February 21, 2020, decision of an Immigration Judge ("IJ") denying deferral of removal under the Convention Against Torture ("CAT"). *In re Duran De La Rosa,* No. A055 969 548 (B.I.A. Aug. 17, 2020), *aff'g* No. A055 969 548 (Immig. Ct. Batavia Feb. 21, 2020). We assume the parties' familiarity with the case.

The Government has moved to dismiss Duran's petition as frivolous. Construing the Government's motion instead as its brief, we deny Duran's petition on the merits.

We have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d

Cir. 2005). We review factfinding for substantial evidence and questions of law and application of law to fact de novo. *Quintanilla-Mejia v. Garland*, 3 F.4th 569, 583 (2d Cir. 2021). Under the substantial evidence standard, "we must uphold agency factfinding 'unless any reasonable adjudicator would be compelled to conclude to the contrary.'" Id. (emphasis omitted) (quoting 8 U.S.C. § 1252(b)(4)(B)). Where, as here, "a petitioner bears the burden of proof, his failure to adduce evidence can itself constitute the 'substantial evidence' necessary to support the agency's challenged decision." *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 157–58 (2d Cir. 2008).

A CAT applicant bears the burden of "establish[ing] that it is more likely than not that he . . . would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2). "Torture" is "an extreme form of cruel and inhuman treatment" and is limited to acts "inflicted by, or at the instigation of, or with the consent or acquiescence of, a public official." *Id.* § 1208.18(a)(1), (2). A CAT claim is "too speculative" if "it involves a chain of assumptions"; an applicant is required to show that each link in the chain is more likely than not to occur. *Savchuck v.*

3

*Mukasey*, 518 F.3d 119, 123-24 (2d Cir. 2008) (quotation marks omitted).

Duran alleged that cartel members in the Dominican Republic would try to kill him because they knew or would know he had cooperated with law enforcement in the United States given the relatively light sentence he received following his last conviction and alleged that one former associate threatened to kill him and shot at his brother.

Substantial evidence supports the agency's conclusion that Duran failed to establish that he would more likely than not be tortured if he returned to the Dominican Republic. First, while Duran argued that a former associate believed him to be a snitch and shot at (but missed) his brother, his evidence was not that clear. He did not identify when the shooting occurred, when a phone call between him and the shooter occurred, why he called the shooter in the first place, whether the shooter still believes Duran is a snitch, whether the shooter would have the means and knowledge to harm Duran if he returned, whether the shooter was still involved with such drug cartels, or whether the shooter was still in the Dominican Republic, at liberty, or even alive.

4

This record does not compel a conclusion contrary to the agency's determination that Duran's fear was "too speculative." *Savchuck*, 518 F.3d at 123-24; *see also* 8 U.S.C. § 1252(b)(4)(B). Moreover, Duran's expert witness testified that Duran could face harm subject to various contingencies, variables, and suppositions. But such hedged and tentative assertions do not fulfill Duran's burden of showing that each link in the chain is more likely than not to occur and that he would more likely than not face torture in the Dominican Republic. *See Savchuck*, 518 F.3d at 123–24; *Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) ("In the absence of solid support in the record . . . [petitioner's] fear is speculative at best.").

Absent a showing that he will more likely than not be tortured, Duran cannot establish a CAT claim. *See* 8 C.F.R. § 1208.16(c)(2). We have considered Duran's remaining arguments and conclude that they are immaterial given the conclusion above or lack merit.

5

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe,
                                    Clerk of Court