Barahona v. Garland

BIA
Auh, IJ
A205 309 979

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of August, two thousand twenty-three.

PRESENT:
> **RAYMOND J. LOHIER, JR.,**
> **EUNICE C. LEE,**
> **SARAH A. L. MERRIAM,**
> *Circuit Judges.*

_____

FRANKLIN ARIEL MEJIA BARAHONA,
> *Petitioner,*

> v.                                                                 **20-3063**
>                                                                     **NAC**

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

**FOR PETITIONER:** John H. Peng, Esq.; Karen Murtagh, Executive Director, Prisoners' Legal Services of New York, Albany, NY.

**FOR RESPONDENT:** Brian Boynton, Assistant Attorney General; Shelley R. Goad, Assistant Director; Tim Ramnitz, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED.

Petitioner Franklin Ariel Mejia Barahona, a native and citizen of Honduras, seeks review of an August 10, 2020 decision of the BIA affirming a February 13, 2020 decision of an Immigration Judge ("IJ") denying his application for protection under the Convention Against Torture ("CAT"). *In re Franklin Ariel Mejia Barahona*, No. A205 309 979 (B.I.A. Aug. 10, 2020), *aff'g* No. A205 309 979 (Immigr. Ct. Fishkill Feb. 13, 2020). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances, we have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's legal conclusions de novo and its factual findings

2

for substantial evidence. *See Nasrallah v. Barr*, 140 S. Ct. 1683, 1692 (2020); *Quintanilla-Mejia v. Garland*, 3 F.4th 569, 583 (2d Cir. 2021).

An applicant for CAT protection has the burden of showing that he would "more likely than not" be tortured by or with the acquiescence of government officials. 8 C.F.R. §§ 1208.16(c)(2), 1208.17(a), 1208.18(a)(1); *Khouzam v. Ashcroft*, 361 F.3d 161, 170–71 (2d Cir. 2004). In assessing whether an applicant has satisfied his burden of proof, the agency must consider all evidence relevant to the possibility of future torture, including "[e]vidence of past torture," "[e]vidence of gross, flagrant or mass violations of human rights within the country of removal," and "[o]ther relevant information regarding conditions in the country of removal." 8 C.F.R. § 1208.16(c)(3). "[A]n alien will never be able to show that he faces a more likely than not chance of torture if one link in the chain cannot be shown to be more likely than not to occur. It is the likelihood of all necessary events coming together that must more likely than not lead to torture, and a chain of events cannot be more likely than its least likely link." *Savchuck v. Mukasey*, 518 F.3d 119, 123 (2d Cir. 2008) (quoting *In re J-F-F-*, 23 I. & N. Dec. 912, 918 n.4 (A.G. 2006)).

As an initial matter, the government argues that Barahona waives any challenge to the agency's determination that he failed to establish a likelihood of

3

torture in Honduras by not raising such a challenge in his brief. We disagree. Barahona's brief challenges that determination by arguing that the agency failed to explain why it discredited evidence that he faces likely death for leaving the gang, ignored his country conditions evidence, and failed to consider all sources of harm in the aggregate. Further, those arguments have merit.

First, the agency erroneously concluded that Barahona failed to provide evidence as to the type of harm he faces for leaving his former gang without permission. Indeed, Barahona testified and provided extensive evidence that gangs kill members who leave without permission. *See Poradisova v. Gonzales*, 420 F.3d 70, 77 (2d Cir. 2005) ("We . . . require some indication that the IJ considered material evidence supporting a petitioner's claim.").

Second, the agency erred in requiring Barahona to establish that a specific person in Honduras would more likely than not torture him when he was required only to show that someone in "his particular alleged circumstances" would more likely than not be tortured. *Mu-Xing Wang v. Ashcroft*, 320 F.3d 130, 144 (2d Cir. 2003). Moreover, Barahona presented evidence that individuals in his circumstances face torture, but the agency failed to adequately evaluate such evidence individually or in the aggregate. *See Poradisova*, 420 F.3d at 77, 79–80;

4

*see also Matter of J-R-G-P-*, 27 I. & N. Dec. 482, 484 (B.I.A. 2018) ("Claims under the [CAT] must be considered in terms of the aggregate risk of torture from all sources, and not as separate, divisible, claims." (quotation marks and ellipsis omitted)). Although Barahona testified that a gang leader had threatened him, the IJ found that fact irrelevant because the threat occurred in the United States, but the IJ failed to evaluate material evidence that the gang is a transnational organization and that a threat from a leader in the United States may be carried out in Honduras. *See Poradisova*, 420 F.3d at 77. Further, Barahona presented evidence that the United States informs Honduran officials when removing deportees who have known gang affiliations, but the agency failed to acknowledge or evaluate country conditions evidence that Honduran officials kill and torture suspected gang members or hand them over to rival gangs. *See Poradisova*, 420 F.3d at 77; *see also Scarlett v. Barr*, 957 F.3d 316, 336 (2d Cir. 2020) (remanding for further consideration of a CAT claim where the agency failed to give "reasoned consideration to all relevant evidence and all principles of law"); *Savchuck*, 518 F.3d at 123.

Because the agency applied an overly stringent standard, failed to acknowledge or evaluate material evidence, and failed to consider all sources of

5

torture in the aggregate, we vacate and remand. *See Poradisova*, 420 F.3d at 77.

The petition for review is GRANTED and the case is remanded to the BIA. All pending motions and applications are DENIED and stays VACATED.

<div style="margin-left: 40%;">

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

</div>